112 July 23, 2025 No. 655

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELIJAH MATTHEW CRUMP,
*Defendant-Appellant.*

Linn County Circuit Court
21CR50152; A182667

Rachel Kittson-MaQatish, Judge.

Argued and submitted June 24, 2025.

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Kirsten M. Naito, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for one count of second-degree murder, ORS 163.115,[1] and one count of menacing, ORS 163.190. At trial, regarding the charge of second-degree murder, the state contended that defendant was guilty both as a principal and as his codefendant's accomplice under an aid-and-abet theory of liability, ORS 161.155(2)(b). Defendant moved for a judgment of acquittal on the charge of second-degree murder. The trial court denied that motion, and, after receiving a concurrence instruction, the jury returned a unanimous verdict to convict defendant of second-degree murder on both theories of liability—*i.e.*, the verdict form reflected that the jury determined that defendant acted as both an accomplice and as a principal.[2]

On appeal, defendant raises one assignment of error, contending that "[t]he trial court erred when it denied defendant's motion for a judgment of acquittal on the charge of murder in the second degree." Defendant argues that the evidence in the record was insufficient for a rational trier of fact, making reasonable inferences, to conclude that defendant was liable either as a principal or as an accomplice for the victim's death.

Having reviewed the record in the light most favorable to the state, we conclude that the evidence was sufficient for a rational trier of fact to find defendant guilty of second-degree murder on the state's aid-and-abet theory of liability. Thus, we affirm.

In reviewing a trial court's denial of a motion for judgment of acquittal, we view "the evidence in the light most favorable to the state to determine if the state presented

---

[1] ORS 163.115(1)(a) provides that "criminal homicide constitutes murder in the second degree *** [w]hen it is committed intentionally[.]"

[2] The concurrence instruction provided:

"All jurors must agree on the theory in which the murder was committed. That is, all jurors must either agree that [defendant] acted as a principal himself in committing the conduct that constitutes the material elements of the crime of murder, or all jurors must agree that [defendant] acted as an accomplice in aiding or abetting another person in committing the crime of murder, or all jurors must agree that [defendant] acted as both a principal and an accomplice in committing the crime of murder."

sufficient evidence from which a rational trier of fact, making reasonable inferences, could find the essential elements of the crime beyond a reasonable doubt." *State v. Hedgpeth*, 365 Or 724, 730, 452 P3d 948 (2019) (internal quotation marks omitted). While "the state may rely on reasonable inferences arising from circumstantial evidence to establish elements of a criminal offense," it is not permitted to rely on "speculation and guesswork." *State v. Stutte*, 339 Or App 87, 94, 568 P3d 247 (2025) (internal quotation marks omitted).

As relevant to this case, a person commits the crime of second-degree murder if they intentionally cause the death of another human being. ORS 163.115(1)(a) (defining second-degree murder), ORS 163.005(1) (defining criminal homicide). A person is criminally liable for another person's criminal conduct if, "with the intent to promote or facilitate the commission of the crime the person *** solicits or commands such other person to commit the crime;" or if the person "aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime[.]" ORS 161.155(1)(a), (b). "[M]ere presence at a crime is insufficient to establish aiding and abetting." *State v. Anlauf*, 164 Or App 672, 674, 995 P2d 547 (2000) (internal quotation marks omitted). However, "the least degree of concert or collusion between the accomplices suffices" to show that a defendant is liable for the criminal acts of another. *Id.* at 674-75 (internal quotation marks omitted).

Regarding the state's aid-and-abet theory of liability, defendant argues that the trial court erred in denying his motion for judgment of acquittal because, in defendant's view, "defendant's mere presence when co-defendant shot the victim is not sufficient" to show either that defendant solicited or commanded codefendant to kill the victim or that defendant aided and abetted codefendant in killing the victim. The state responds that "reviewing the evidence in the light most favorable to the state, the record supports the inference that defendant intended to promote or facilitate [the victim]'s murder and took action to execute that objective."

We agree with the state, and we conclude that the evidence in the record, viewed in the light most favorable

to the state, is sufficient for a rational trier of fact to find beyond a reasonable doubt that defendant aided and abetted in codefendant's killing of the victim. That evidence includes that defendant and codefendant were each aware that the other was in possession of a firearm; defendant believed that the victim had slashed his tires; defendant threatened the victim in a text message; and, while pointing his firearm at the victim, defendant suggested that he, codefendant, and the victim meet at a park, where he, codefendant, and the victim argued; the victim was shot multiple times by codefendant; and defendant and codefendant fled together. That evidence is sufficient for a rational trier of fact to infer beyond a reasonable doubt that defendant intentionally aided and abetted codefendant in causing the victim's death.

Our conclusion that the trial court did not err in denying defendant's motion for a judgment of acquittal as to the aid-and-abet theory of liability obviates the need to address defendant's argument that the evidence in the record was insufficient to conclude that defendant was liable as a principal. That is because—and as the parties agreed at oral argument—a determination that the aid-and-abet theory of liability was supported by legally sufficient evidence in the record is sufficient to affirm defendant's conviction for second-degree murder, because the jury returned a unanimous guilty verdict on that theory of liability.

Affirmed.